In The United States District Court
Middle District Of Florida
Orlando Division

In re...                    Civil Action Case #_____
                            Lower Tribunal Case # 2021-CF-009340-a-OR

Michael A. Chinn
(Petitioner In Propria Persona)          In A Petition For
v.                                       Writ Of Habeas Corpus
Agents For The State Of Florida, et alia,  Ad Subjiciendum
Louis A. Quinones; Jail Commander
Orange County Corrections Department
(Respondents)

2023 JAN 20 PM 4:18    US DISTRICT COURT MIDDLE DISTRICT OF FLORIDA ORLANDO, FLORIDA    FILED

Jurisdiction: This Court has Original and Pendent Jurisdiction by virtue of Article I §8; Article III §§ 1 & 2 to the United States Constitution.

Authorities: Article I §9 - U.S. Constitution - Writ Of Habeas Corpus
    Article VI §2 - U.S. Constitution - Supremacy Clause
    Amendment V - U.S. Constitution - Due Process Of Law
    Amendment VI - U.S. Constitution - Rights Of Accused
    Amendment XIV - U.S. Constitution - No Abridgement Of Rights
    F.R.C.P. Rule 3.132 - Pretrial Detention
    F.R.C.P. Rule 3.133 - Adversarial Preliminary Hearing
    F.R.C.P. Rule 3.134 - Time In Which To File Formal Charges
    F.R.C.P. Rule 3.220 - Discovery Rule - Due Process
    F.R.C.P. Rule 3.191 - Speedy Trial Rule
Article 8. Universal Declaration Of Human Rights - Right To Effective Remedy

<u>Article 9 · Universal Declaration Of Human Rights</u> · <u>Arbitrary Arrest Banned</u>
<u>Article 10 · Universal Declaration Of Human Rights</u> · <u>Right To Notice</u>
<u>Article 11 · Universal Declaration Of Human Rights</u> · <u>Presumption Of Innocence</u>

<u>NOW COMES</u> the Petitioner, <u>Michael A. Chinn</u>, in propia persona, in the above styled action and contends and maintains he has and is being unlawfully held and detained by <u>Agents Of/For The State Of Florida</u> in repugnance to, and in direct violation of, the foregoingly cited authorities; these sacred rights, privileges and immunities guaranteed him by virtue thereof as an U.S. citizen under the aegis of the U.S. Government, and <u>Universal Declaration Of Human Rights</u>, and in support thereof details the following ~

~ <u>FACTS</u> ~

1) Petitioner was arrested in reference to this matter August 8th, 2021 and yet, to this date, has <u>not</u> been provided with/ has been deprived of:

(i) Actual, official, <u>duly sworn to under oath, notarized,</u> Arrest Affidavit;

(ii) Effective, thorough, <u>Probable Cause Hearing</u> before an competent judicial officer, and effective representation by informed competent counsel thereto;

(iii) An proper <u>Pretrial Detention Hearing and finding</u> to justify denial of release, and no bond;

(iv) <u>Due Process</u> in regard to time in which to file formal Charges;

(v) <u>Discovery Exhibit</u>; the <u>entire</u> Prosecutioner's file of evidence against the Petitioner;

(vi) <u>Speedy Trial</u>-within the prescribed time limits; and,

(vii) <u>Adversarial Preliminary Hearing</u> ~

all of the foregoing to justify his continued detainment, and deprivation of liberty;

2) Petitioner is charged by <u>Agents Of/For The Corporation Of Florida</u>, and of/for said victim, in this grave matter with <u>Second Degree Murder w/a Firearm</u>. There is only one <u>incredible</u> witness for the Plaintiffs/Respondents to <u>conjecturally</u> support the accusation against Defendant/Petitioner. The entire burden of proof-beyond a reasonable doubt- <u>is on the prosecutioner</u>-to establish the <u>corpus delicti</u>, <u>actus/mens rea</u>, <u>recklessness and negligence</u> required by the penal code~relied upon by the prosecutioner~ and each and every element <u>must</u> be <u>solidly</u> substantiated to sustain a conviction.

Entitlements

A. By virtue of <u>Article I §9 to the U.S. Constitution</u>~ The "Privilege" of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public safety may require it.

B. By virtue of <u>Article VI §2 to the U.S. Constitution Supremacy Clause</u>~ This Constitution, and the Laws of the United States which shall be made in Pursuance thereof... or which shall be made, under the Authority of the United States, shall be

the Supreme Law Of The Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

C. Amendment V to the U.S. Constitution provides for Due Process of Law ~ "No person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury... nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property without due process of law;"

D. Amendment VI to the U.S. Constitution provides for Rights Of Accused In Criminal Prosecutions ~ "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury (of his peers) of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be (completely) informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel (of his choosing) for his defense."

E. Amendment XIV to the U.S. Constitution - Citizenship Rights Not To Be Abridged ~ provides ~ All persons

born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. <u>No State shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without Due Process Of Law; nor deny to any person within its jurisdiction the Equal Protection Of the Laws.</u>

F. <u>Florida Rules of Criminal Procedure</u> (F.R.C.P.) ~(which are <u>reputedly</u> <u>based</u> upon the <u>Federal Rules of Criminal Procedure</u>), <u>Rule 3.132</u> "Pretrial Detention" ~(in relevant part)~ provides ~ <u>(a) Motion Filed at First Appearance</u>. A person arrested for an offense for which detention may be ordered - under <u>§ 907.041</u> (Pretrial Detention and Release (4))/F.S. <u>shall</u> (imperative) be taken before a judicial officer for a first appearance within 24 hours of arrest. The state <u>may</u> file with the judicial officer <u>at first appearance</u> a motion <u>seeking</u> pretrial detention, <u>signed by the state attorney or an assistant</u>, setting forth with particularity the grounds and the <u>essential</u> facts on which pretrial detention is <u>sought</u>, and <u>certifying</u> that the state attorney has received <u>testimony under oath</u> supporting the grounds and the <u>essential</u> facts <u>alleged in the motion</u>. If <u>no</u> such motion is filed, the judicial officer may inquire whether the state <u>intends</u> to file a motion for pretrial detention, and <u>if so</u>, grant the state <u>no more than three days</u> to file a motion under this subdivision. . . / If after inquiry, the State in-

dicates it does not intend to file a motion for pretrial detention, or fails to establish exigent circumstances for holding defendant in custody pending the filing of the motion, or files a motion that is facially insufficient, the judicial officer shall proceed to determine the conditions of release pursuant to the provisions of rule 3.131(b)." / .... (c) 1 (in relevant part): The state attorney has the burden of showing beyond a reasonable doubt the need for pretrial detention pursuant to the criteria in § 907.041, F.S. ← This statute (in relevant part) provides, under (1) Legislative intent:

"It is the policy of this state that persons committing serious criminal offenses, posing a threat to the safety of the community or the integrity of the judicial process, or failing to appear at trial be detained upon arrest."

(4) of Pretrial Detention (a) defines "dangerous crime" which, among those listed is at 9., is Homicide. However, at (b) is prescribed ~ No person charged with a dangerous crime shall be granted nonmonetary pretrial release at first appearance hearing; however, the court shall retain the the discretion to release an accused on electronic monitoring or on recognizance bond if the record of facts and circumstances warrant such a release.

At (c) ~ The court may order pretrial detention if it finds a substantial probability, based on a defend's past and present patterns of behavior, the criteria in § 903.046 F.S (Purpose of and criteria for bail determinations), and any other relevant facts, that any of the following circumstances exist:
1. The defendant has previously violated conditions of release

and that no further conditions of release are reasonably likely to assure the defendant's appearance at subsequent proceedings;

2. The defendant _with the intent_ to obstruct the judicial process, has threatened, intimidated, or injured any victim, potential witness, juror, or judicial officer, or has attempted or conspired to do so, and that no condition of release will reasonably prevent the obstruction of the judicial process;

5. the defendant poses the threat of harm _to the community_. The court may so conclude, _if_ it finds that the defendant is presently charged with a dangerous crime, that there is a substantial probability that the defendant _committed_ such crime, that the _factual circumstances_ of the crime _indicate_ a disregard for the safety of _the community_, and that there are no conditions of release reasonably sufficient to protect _the community_ from the risk of physical harm to persons.

(i) The pretrial detention _order of the court_ shall be based solely upon _evidence_ produced at the hearing and _shall contain findings of fact and conclusions of law_ to support it.

XI. F.R.C.P. Rule 3.133 - Pretrial Probable Cause Determinations and Adversary Preliminary Hearings provides _in relevant part_:

(b) Adversary Preliminary Hearing. (1) _When Applicable._ A defendant who is not charged in an information or indictment within 21 days from the date of arrest... shall have a _right to an adversary preliminary hearing on any felony charge_ then pending against the defendant. The subsequent

filing of an information or indictment shall not eliminate a defendant's entitlement to this preceding/... A finding that probable cause does or does not exist shall be made in writing, signed by the judge, and together with the evidence received in the cause, shall be filed with the clerk of the circuit court.
(c) A defendant who has been retained in custody... shall be allowed an adversary preliminary hearing in all instances in which a felony offense is charged.

4. F.R.C.P., Rule 3.134 ~ Time In Which To File Formal Charges (in relevant part) provides ~ the state shall (imperative) file formal charges on defendants in custody by information, or indictment, or in the case of alleged misdemeanors by whatever documents constitute a formal charge, within 30 days from the date on which the defendants* are arrested.../. If the defendants remain uncharged, the court on the 30th day and with notice to the state shall:
(1) Order that the defendants automatically be released on the 33rd day unless the state files formal charges by that date; or
(2) If good (extraordinary) cause is shown by the state, order that the defendants automatically be released on the 40th day unless the state files charges by that date.
In no event shall any defendants remain in custody beyond 40 days unless they have been formally charged with a crime.

*Nota bene:* By virtue of *In re 573 So.2d 826 (Fla. S. Ct. 1991) PER CURIAM Amendment to F.R.C.P., Rule 3.133 (b)(6), renumbered to Rule 3.134* — *in relevant part*: This change clarifies that this *equally applies to misdemeanor* — *as well as* — *felony cases* as well as those defendants eligible for pretrial release *or pretrial detention.*

The State attorney in this state is, in effect, a one-person grand jury when filing informations for offenses less than capital. We (Fla. S. Ct.) *require* the state attorney, in making his charging determination, to have the same quality of testimony before him that the *grand jury* have before it to return an indictment.

We *require* the state attorney, in filing a direct information for a felony offense, *to state under oath,* "his good faith in *instituting the prosecution and* [*to certify*] *that he has received testimony under oath from the material witness or witnesses for the offense.*" FRCP, Rule 3.140(g)(*emphasis added*).

The reason for this rule is to *assure* that the evidence that forms the basis for an information, is the same type of evidence that forms the basis for a grand jury indictment.

In a dissent from *Overton, Justice*... There is no question in my mind that there will be instances occurring in serious cases where a material witness, an expert witness, or a necessary scientific reports will not be available for either a grand jury or a state attorney within the mandatory forty-day cutoff period. This (emphasis mine) will result in games being played with the

process, as suggested by the criminal defense bar... I would expect that most state attorneys will be filing informations based on <u>hearsay evidence</u> from investigating officers rather than "<u>testimony under oath from the material witness or witnesses</u>."

I. <u>F.R.C.P., Rule 3.220</u> – <u>Discovery Rule 2.(b)</u> provides Within <u>15 days</u> of formal charges being filed the <u>State Attorney shall</u> (imperative) provide to the <u>Defendant</u> a <u>Discovery Exhibit</u> in the case for the <u>defendant</u> to peruse, examine, test, copy, photograph, etc,. <u>Nota bene</u>: this Discovery Exhibit is the State Attorney's <u>entire</u> prosecution file of evidence intended to be used against the Defendant.

J. <u>F.R.C.P., Rule 3.191</u> <u>Speedy trial</u> provides - in relevant part, Defendants will be taken to trial <u>within 175 days of arrest</u>... If trial of accused does not commence within the periods of time established by this rule, a pending motion for discharge shall be granted by the court. Exceptional Circumstances for extensions of time established by the rule shall <u>not</u> include general congestion of the court's docket, lack of diligent preparation, failure to obtain available witnesses, or other avoidable or forseeable delays.

K. <u>Article 8</u>. <u>Universal Declaration Of Human Rights</u> provides – <u>Everyone</u> has a right to an <u>effective remedy</u> by the competent tribunals for acts violating the fundamental rights guaranteed him by the Constitution or by law.

L. ~~Article 1~~ ~~Universal Declaration Of Human Rights~~ provides ~ No one shall be subjected to arbitrary arrest or detention.

M. Article 10 - Universal Declaration Of Human Rights provides ~ Fair and public hearing by an independent and impartial tribunal, in the determination of his rights and obligations and of any criminal charges against him.

N. Article 11 - Universal Declaration Of Human Rights provides ~ Everyone charged with a penal offense has right to be presumed innocent until proven guilty.

## Argument

I. As heretofore cited and established prevailing provisions of Due Process Of Law, Defendant/Petitioner had (has) an absolute right ~ no ifs, ands, or buts about it ~ to be provided with a duly-sworn to under oath, by the charging agency, notarized Arrest Affidavit ~ any such document short thereof ~ is simply not valid, and is arbitrary.

II. An ~~Initial~~/First Appearance hearing (as provided in F.R.C.P., Rule 3.130) Probable Cause Determination* (held w/in 24 hours of arrest) is absolutely essential under law and is not to be (as it is in Orange County (County) Court) less than 1 or 2 minutes in duration, perfunctory, a farce, a facade, a charade; an unconscionable expedient ~ especially - given such an serious, grave accusation. In fact,

These mockeries before BRC (Booking/Receiving Court) partial Magistrate judges in Orange County, frequently are run-of-the-mill, and less than a minute in duration and unilateral. Moreover, the stand-in, provisional Public Defender may as well be a mannequin or cardboard cutout for as much good as they are. / Furthermore, most notably, at conclusion of this ephemeral travesty, the deprived defendant is not provided with any documents of such evanescent process of the hangman's decision.

III. The established law is clear and unchallengeable as exhaustively presented herein at I., regarding the unconditional necessity of the obligation of the State Attorney to have duly filed a Motion For Pretrial Detention to justify, to warrant having detained-w/out bond-Defendant/Petitioner.

Otherwise, as under I., herein, at page 6, lines 5-7, "the judicial officer shall (imperative) proceed to determine the conditions of release pursuant to the provisions of F.R.C.P. Rule 3.131(b) Pretrial Release; and, the State Attorney has the burden of showing (proving)-beyond a reasonable doubt-the need for pretrial detention (page 6, lines 8-10, et seq.). there is no compromise. These Rules, being established by the legislature under F.S., have the force and effect of law, and are mandatory.

IV. In reiteration, with regard to Rule 3.134 (elaborated upon at page 8 herein, under F.H.) Defendant/Petitioner has not ever been provided with any sworn to under Oath

Formal Charging Instrument by the State Attorney date, and time stamped, to evidence that Formal charges were indeed filed w/in the time limits prescribed by Rule 3.134.

V. Regarding such F.R.C.P., Rule 3.220, Discovery Rule nowhere within the edict is it prescribed that it is "counsel's" duty to provide an accused, a defendant, with such Discovery Exhibit. What is unambiguously provided is, that it is the duty of the State Attorney to "provide" "to the defendant" (not defendant's counsel) such disclosures, within 15 days of formal charges having been filed; for the defendant (whom is the accused, whom is in the hot seat, in the crucible) — not "counsel") to peruse, examine, test, copy, photograph, etc., the entire prosecution file of evidence intended to be used against the defendant; and, essentially — within the time limits prescribed. All this is unmitigatedly crucial in adhering to rights of an accused.

VI. Concerning F.R.C.P., Rule 3.191, Speedy Trial, the time limits prescribed within which to try an accused — (especially one whom is charged with an serious accusation, and under no bond) are inflexible, and inviolable. There should not be any convenient, expedient biased, unilateral, mealy-mouthed extensions of time under pretext of "Exceptional Circumstances" granted to the State Attorney for lack of due diligence to any particular case, or all cases combined; for this results in deprivation of freedom to accused's

Moreover, counsel did not - at any time - confer with accused, nor, - at any time - would accused have given counsel consent to waive speedy trial rights. Therefore, given the uninterrupted 524+ days he has been deprived liberty, or outright freedom, been subjected to detainment under "no bond" restraint, such time limitations prescribed by the rule and fundamental rights of due process in which to try accused have long since expired by 349+ days, warranting discharge.

VII. Regarding Articles 8-11 of the Universal Declaration of Human Rights these are based upon the North Atlantic Treaty Organization (N.A.T.O.) Covenant and the Geneva Conventions prescribing the humane treatment of detainees incumbent upon God's decrees; chief among these is right to be presumed innocent until proven guilty, and the right to an effective remedy.

Shrouded within the Criminal Punishment Code (CPC) §921.0022 - (which Florida adopted from the Federal Sentencing Scheme) - (and has unconstitutionally exploited since October 1st, 1995), is the Penal Code which, contrastingly thereunder, provides: to convict any person of a crime, the Corpus delicti (body of the crime) - that a crime even occurred - must be established; and, that an accused acted purposely (actus rea), knowingly (mens rea - guilty knowledge), recklessly, and negligently, of which all four elements must be proven - beyond a reasonable doubt.

## Summation

The Agents Of/For The State (Corporation) Of Florida in their zeal of relentless prosecution - (as is their metier) - pursuing the law of their self-righteousness, have not attained to the law of righteousness, have gone astray, and by so erring, have neglected the weightier matters of the law: justice and equity, bringing condemnation upon themselves; willfully ignoring/forgetting, and deliberately disdaining, the preeminence of the *"Supremacy Clause" Article VI §2, U.S. Constitution - (upon which the Florida Constitution is incumbent) - by which they are irrevocably bound. *(Herein at B. pp. 3-4)

Moreover, what part of the *XIVth Amendment to the U.S. Constitution *(Herein at E. pp 4-5) do they not understand? Specifically: unabridged - No State (this means you Florida) shall make or enforce any law (rule) which shall abridge the privileges and immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without Due Process of Law; nor deny to any person within its jurisdiction the Equal Protection of the Laws.

Defendant/Petitioner has not - at any time - entered into a contract with any Agents of/for The State (Corporation) of Florida relinquishing his rights guaranteed him as a U.S. Citizen under the U.S. Constitution, supra, and retains and invokes these entitlements.

Agents of/for the State (Corporation) of Florida have an ongoing duty as Public Employees under Oath and bond of respective office to comply with, uphold, and defend the rights of citizens as guaranteed citizens by (both) the provisions of the U.S. and Florida Constitutions and respecting those entitlements of accused persons inasmuchas these Agents are Attorneys and Judicial Officers bound by Rules of Professional Responsibility/Conduct, Legal Ethics, and Judicial Rules.

## Remedy/Relief Demanded

Petitioner contends and maintains that he has sufficiently, adequately, moreover, thoroughly herein demonstrated that aforesaid Agents of/for the State (Corporation) of Florida have consistently violated Petitioner's Due Process Rights - in total disregard of the provisions accorded him by both the U.S. and Florida Constitutions, and their own prescribed Criminal Rules, have deprived him of life, liberty, freedom, and that Petitioner merits expeditious issuance of the Writ, and given fact that Speedy Trial time limitations have long since expired during Petitioner's prolonged unlawful detainment, that he be discharged. Executed on this 14th day of January 2023.

Michy Chim / Jail IS#2118707
(Petitioner, In Propria Persona)
Orange County Jail • P.O. Box 4970
Orlando, Florida 32802-4970