UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL A. CHINN,

   Petitioner,

v.  Case No. 6:23-cv-111-RBD-DAB

SECRETARY, DEPARTMENT OF
CORRECTIONS,

   Respondent.
   _____/

**ORDER**

Petitioner, a pretrial detainee proceeding *pro se*, has filed a "Petition for Writ of Habeas Corpus Ad Subjiciendum" ("Petition," Doc. 1). Petitioner does not indicate the statutory basis on which he seeks relief. Because Petitioner is a pretrial detainee, however, the Court assumes he seeks habeas relief under 28 U.S.C. § 2241. For the following reasons, the Petition is dismissed.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ."[1] Petitioner requests the Court to discharge him because the

---

.   [1] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 may be applied to cases brought pursuant to 28 U.S.C. §

speedy trial time has expired.[2] (Doc. 1 at 16.)

"[A]lthough section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). "'[F]ederal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.'" *Id.* at 226 (quoting *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973)).

Here, Petitioner is requesting the Court to order Respondent to release him because his right to speedy trial has been violated. Violation of the right to speedy trial is a defense that may be raised in the state court. Petitioner is essentially seeking the Court to intervene in his pending criminal proceeding. Absent a showing of special circumstances, such as where necessary to prevent immediate

---

2241. "Therefore, summary dismissal of a habeas corpus action brought pursuant to 28 U.S.C. § 2241 is appropriate when the petition 'plainly reveals that relief is not warranted.'" *Trimble v. Allen*, No. 7:11-cv-7(HL), 2011 WL 672335, *1 (M.D. Ga. Feb. 17, 2011) (quoting *Ugwu v. Holder*, No. 1:10 CV 03152, 2010 WL 5476712 (N. D. Ga. Nov. 29, 2010)).

[2] Petitioner has criminal charges pending in the Ninth Judicial Circuit Court of Florida in case 2021-CF-009340000AOX. *See* https://myeclerk.myorangeclerk.com/

and irreparable injury, federal courts should not stay or enjoin pending state court proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). Petitioner has not demonstrated special circumstances warranting this Court's intrusion into his pending state court proceedings. *See Hughes v. The Eleventh Judicial Circuit of Florida*, 377 F.3d 1258, 1262-63 (11th Cir. 2004) (recognizing that federal courts should not interfere with pending state criminal proceedings absent one of the following circumstances: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised). Therefore, abstention is appropriate as to any claims regarding Petitioner's pending state criminal charges.

Accordingly, it is **ORDERED** and **ADJUDGED**:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. This Court should grant an application for certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds

without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, Petitioner is denied a certificate of appealability.

    3.    The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on January 24, 2023.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:
Unrepresented Party